JAMES T. LEAVITT, JR.         939-0
(leavitt@lyslaw.com)
NICOLE KALAKAU                9508-0
(kalakau@lyslaw.com)
RAFAEL K. RENTERIA            9202-0
(renteria@lyslaw.com)
LEAVITT, YAMANE & SOLDNER
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone: (808) 521-7474
Facsimile: (808) 521-7749

Attorneys for Plaintiff
RAYNALYN D. CORPUZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RAYNALYN D. CORPUZ, | Civil No.: _____ |
| --- | --- |
| Plaintiff, | (Motor Vehicle Tort) |
| vs. | COMPLAINT; SUMMONS |
| UNITED STATES OF AMERICA, | (Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.*) |
| Defendant. | |

COMPLAINT

　　　　Plaintiff RAYNALYN D. CORPUZ, by and through her attorneys, Leavitt, Yamane & Soldner, and for causes of action against Defendant above-named, alleges and avers as follows:

## THE PARTIES

1. Plaintiff RAYNALYN D. CORPUZ ("Plaintiff") is a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant UNITED STATES OF AMERICA (hereinafter "United States") is named as the defendant pursuant to and under the provisions of the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*.

## JURISDICTION AND VENUE

3. This court has original jurisdiction over this civil action, pursuant to 28 U.S.C. §§ 1346(b) and 1331, in that Plaintiff brings this this civil action on a claim against the United States, for money damages, for personal injury to Plaintiff, caused by the negligent or wrongful acts and/or omissions of employees and/or agents of the United States, while acting within the scope of his/her/their office, employment or agency, under circumstances where the United States, if a private person, would be liable to the Plaintiff, in accordance with the laws of the State of Hawai'i.

4. The acts and/or omission complained of herein, and which forms the basis of the relief sought herein, occurred within the District of Hawai'i, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2).

5. Pursuant to the provisions of 28 U.S.C. § 2675(a), Plaintiffs presented the herein-mentioned claim against the United States, for money damages, for

personal injury to Plaintiff to the appropriate Federal agency, and said appropriate Federal agency acknowledged receipt of said claim on September 25, 2017.

6. The above-mentioned appropriate Federal agency has failed to make a final disposition of the above-mentioned claim within six months after said claim was received on September 25, 2017, and, pursuant to 28 U.S.C. § 2675(a), the failure to make a final disposition of said claim, as of the date of this filing, is deemed a final denial of the claim.

## COUNT I – NEGLIGENCE/MISCONDUCT

5. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

6. On or about August 21, 2017, Defendant United States placed Tiara L. Madden ("Madden") behind the wheel of its 17,000-plus pound 1998 Steward & Stevenson M1078 military cargo vehicle to further the business of the United States Army.

7. Madden was employed by Defendant United States and drove its 1998 Steward & Stevenson M1078 military cargo vehicle ("military cargo vehicle") as part of her job duties and responsibilities.

8. Defendant United States and its drivers, including Madden, knew or should have known that Defendant United States's military cargo vehicles were

being operated in areas of the community where other people drive, walk, park and live, and that a driver must operate those vehicles with the utmost care.

9. At approximately 9:48 a.m., Madden drove Defendant United States's military cargo vehicle eastbound on the H-3 Interstate Highway ("H-3"), just inside the Hirano Tunnel Portal, in the centermost lane, when she lost control of the military cargo vehicle, crossed to the left over the lane markers and violently crashed into a 2003 Toyota Corolla ("the Corolla") travelling in the left-most lane.

10. The impact of the crash crushed the passenger side of the Corolla and sheared the roof, trapping the occupants within. Their extrication required the Honolulu Fire Department to use the "jaws of life."

11. Plaintiff was the passenger in the Corolla and was transported to Queen's Medical Center by ambulance due to the severity of the injuries inflicted by Defendant United States via its driver Madden.

12. The Honolulu Police Department determined the crash was the result of Madden's failure to keep in the proper lane, crossing the center line, and over-correcting or over-steering.

13. At all times relevant herein, Madden was acting within the course and scope of her employment with and/or was on a mission for the benefit of and/or was acting as an agent for the United States Army, and therefore, Defendant United States is legally responsible for her negligent acts and/or omissions.

14. This collision was caused by the negligence and/or gross negligence and/or aggravated negligence and/or willful and/or wanton misconduct of Madden, her fellow employees, and her employers, the United States Army, and therefore, Defendant United States is legally responsible for these negligent acts and/or omissions.

15. Madden's, her fellow employees', and her employer the United States Army's, and therefore Defendant United States's, actions/inactions indicate recklessness and/or a conscious disregard for the law, the rules of the road, safe driving, and the safety of the motoring public, including Plaintiff and constituted, at least:

    a. A violation of Hawaii Revised Statutes § 291-2, which prohibits reckless driving;

    b. A violation of Hawaii Revised Statutes § 291-12, which prohibits inattentive, negligent driving which causes injury and/or damage; and

    c. A violation of Hawaii Revised Statutes § 291C-38(c)(1), which requires drivers to not cross lanes unless the crossing can be safely done.

## COUNT II – CHOOSING TO NOT IMPLEMENT AND/OR INADEQUATELY IMPLEMENTING, MAINTATINING, AND EFORCING SAFETY PROGRAMS NECESSARY TO KEEP THE PUBLIC, INCLUDING PLAINTIFF, SAFE FROM DEFENDANTS' MILITARY CARGO VEHICLES

16. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

17. Upon information and belief, Defendant United States does not have adequate safety programs to protect the public, including Plaintiff, from Defendant United States's dangerous military cargo vehicles being operated on our community roadways.

18. Upon information and belief, Defendant United States knew or should have known that its safety programs and/or enforcement of its safety programs were inadequate to protect the public, including Plaintiff.

19. Upon information and belief, Defendant United States failed to implement proper and necessary safety programs and/or enforcement programs to protect everyone on the roadways of Oahu.

## COUNT III – IMPROPER HIRING, TRAINING, RETENTION AND SUPERVISION OF DRIVERS AND EMPLOYEES

20. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

21. Upon information and belief, Defendant United States hires and places drivers, including Madden, on the roadway without adequately investigating their background, including their driving and safety history.

22. Upon information and belief, Defendant United States does not adequately train its drivers, including Madden.

23. Upon information and belief, Defendant United States retains as drivers, including Madden, and cargo vehicle loaders personnel who should not be allowed to operate military cargo vehicles and/or should be reassigned to other duties.

24. Upon information and belief, Defendant United States does not adequately supervise its drivers, including Madden.

25. Upon information and belief, Defendant United States knew or should have known that Madden would not operate its military cargo vehicle in a manner that was safe for the public or anyone who encountered Madden driving Defendant United States's military cargo vehicle.

26. Defendant United States negligently selected, hired, trained and retained as an employee and/or agent, and negligently supervised and/or instructed Madden with respect to the performance of her duties, including safely operating Defendant United States's military cargo vehicles.

27. Defendant United States negligently, willfully, wantonly and/or in conscious disregard of the safety of the public failed to provide adequate training and/or supervision and allowed its fatigued and/or impaired drivers, including Madden, to operate commercial vehicles for Defendant United States.

## COUNT IV – HARMS AND LOSSES/DAMAGES

28. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

29. The negligence of Defendant United States was a substantial factor in Plaintiff sustaining injuries, including but not limited to: multiple fractures in her pelvis and sacram requiring surgery, an extraperitoneal hematoma, and multiple glass fragments in her right arm.

30. The negligence of Defendant United States was a substantial factor in Plaintiff sustaining past and future damages, including but not limited to:

    a. Medical-rehabilitative expenses in excess of $89,847.15;

    b. Lost wages and diminished earning capacity in excess of $2,657.34;

    c. Pain, emotional distress and mental anguish, loss of enjoyment of life and other general and non-economic damages as allowed by law; and

      d.     Plaintiff seeks leave to amend the Complaint at the time of trial to include such additional amounts and damages as may be appropriate.

31.    Defendant United States's refusal to accept full financial responsibility for Plaintiff's injuries and losses/damages was and is a substantial factor in Plaintiff experiencing great worry and distress, including delaying the healing process.

32.    Defendant United States's negligence was a substantial factor in Plaintiff incurring medical expenses in excess of any medical-rehabilitative limit established by law and Plaintiff has satisfied the threshold requirement of §431:10C-306(b)(4), Hawaii Revised Statutes.

33.    WHEREFORE, Plaintiff demands judgment against Defendant United States of America for general and special damages in amounts to be shown at trial; for the Plaintiff's costs, interest, reasonable attorneys' fees; and such other and further relief as the court deems just and proper in the premises.

DATED:    Honolulu, Hawaii, April 16, 2020.

                                               /S/ JAMES T. LEAVITT, JR._____
                                             JAMES T. LEAVITT, JR.
                                             NICOLE KALAKAU
                                             RAFAEL K. RENTERIA

                                             Attorneys for Plaintiff
                                             RAYNALYN D. CORPUZ